GERALD ALLEN [GA-0950]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X   **ECF CASE**
WILLIAM RODRIGUEZ,                                                                  04 CV 01783(LTS)

                              Plaintiff,
            - against -                                                           **COMPLAINT**

                                                                    **PLAINTIFF DEMANDS**
                                                                     **A TRIAL BY JURY**
THE CITY OF NEW YORK, NEW  YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JOHN MARTINEZ and
POLICE OFFICER JOHN DOE,

                              Defendants,
-------------------------------------------------------------------------X

       Plaintiff, WILLIAM RODRIGUEZ, by his attorneys Goldberg & Allen, LLP, as and for his complaint against Defendants, alleges as follows:

**PARTIES, JURISDICTION and VENUE**

       1.     Plaintiff, WILLIAM RODRIGUEZ,  is a 39 year old Male and is a citizen of the State of New Jersey.

       2.     Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Kings County.

       3.     Defendant, New York City Police Department ("NYPD"), is a New York City agency responsible for, *inter alia*, law enforcement in New York City.

       4.     Upon information and belief, Defendant Police Officer John Martinez,

shield number 12489, was at all relevant times a police officer with the NYPD, assigned to the 26th Precinct, is being sued in both his official and individual capacities.

5. Upon information and belief, Defendant Police Officer John Doe ("Doe"), a fictitious name for an unknown party, was at all relevant times a police officer with the NYPD and assisted in the illegal arrest of Plaintiff, is being sued in both his official and individual capacities.

6. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq. The Court has jurisdiction over the state claims under the legal principles of pendant jurisdiction. 28 U.S.C. §1367.

7. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

## FACTS GIVING RISE TO THE CAUSES OF ACTION

8. On or about June 13, 2003, Plaintiff, a limousine driver fully licensed by the New York City Taxi and Limousine Commission, who is of Latin-American heritage, was operating a motor vehicle on the Henry Hudson Parkway in New York County.

9. Shortly before 2:00 a.m., as he approached the 125th Street exit from the Parkway, he noticed police activity and a police vehicle on the exit ramp.

10. He drove his vehicle off the highway and on to the exit ramp and moved slowly toward the police activity.

11. When he got to within approximately one hundred yards of the police activity and vehicles, he stopped his vehicle and attempted to get the attention of the officers to determine if he could pass them.

12. Defendant Martinez, in full New York City Police Department uniform,

then walked toward Plaintiff's vehicle and began to scream and curse at Plaintiff.

13. When Plaintiff asked Defendant Martinez to refrain from using abusive language, Defendant Martinez demanded that Plaintiff give him Plaintiff's license and registration. Plaintiff complied and gave Martinez Plaintiff's valid New Jersey license.

14. Defendant Martinez returned to his police vehicle with Plaintiff's paperwork and Plaintiff remained with his vehicle.

15. When Defendant Martinez returned to speak to Plaintiff, Martinez demanded to know if Plaintiff had ever had a New York State driver's license.

16. Plaintiff told Defendant Martinez that he had never had a New York license and told Martinez that he was about to call Martinez's precinct to complain about how he was being treated.

17. Plaintiff then telephoned the 26th Precinct twice to complain about the abusive treatment that he was receiving from Defendant Martinez and spoke to a Sergeant, who told him to cooperate with Defendant Martinez and his partner, John Doe, and that everything would be worked out at the precinct.

18. After Plaintiff told Defendant Martinez that Plaintiff had made telephone complaints about him, Martinez maliciously arrested Plaintiff for a felony in retaliation for Plaintiff's complaints against him.

19. The alleged basis for the arrest for Operating a Motor Vehicle While License was Suspended or Revoked was that a person who shared Plaintiff's date of birth, but whose name was William Rodriquez, had a license or privilege that had been suspended or revoked.  Plaintiff's address was not that of the person named Rodriquez.

20. Plaintiff insisted that he was not the person whose license or privilege had

3

been suspended or revoked, but Defendant Martinez totally disregarded him, handcuffed him, and placed him in a police vehicle.

21. Plaintiff was taken to the 26th Precinct and was booked for the felony crime. At the precinct and later, Defendant Martinez created fraudulent police reports to cover up his misconduct against Plaintiff.

22. Later that morning, Plaintiff was taken to Manhattan Central Booking where he was held for approximately another twelve hours before his arraignment.

23. At his arraignment he was charged with a felony offense, under Docket Number 2003NY039527.

24. ON July 18, 2003 on motion of the District Attorney, all charges were dismissed and sealed.

25. As a direct result of his arrest, Plaintiff's Taxi and Limousine License was suspended and he lost his job.

26. Because of the arrest and the suspension of his Taxi and Limousine license Plaintiff has been unable to obtain employment since the arrest.

27. A Notice of Claim was timely served on September 8, 2003, within 90 days of June 13, 2003, the statutory date of accrual. More than thirty days have passed without resolution of the claim. The instant action is commenced within one year and ninety days of the date of accrual.

### FIRST CAUSE OF ACTION

28. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 27 of the complaint as if incorporated and reiterated herein.

29. Plaintiff was unlawfully detained and arrested maliciously without probable cause.

30. By reason thereof, Defendants have caused Plaintiff to suffer the loss of his constitutional rights, emotional distress, economic loss and mental anguish.

## SECOND CAUSE OF ACTION

31. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 30 of the complaint as if incorporated and reiterated herein.

32. By arresting Plaintiff without legal authority, Defendants conspired to violate, and aided and abetted in the violation of, Plaintiff's rights under Article 1 §§11, 12 of the Constitution of the State of New York.

33. By reason thereof, Defendants caused Plaintiff to suffer emotional distress, economic loss, mental anguish and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

34. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 33 of the complaint as if incorporated and reiterated herein.

35. By arresting Plaintiff without legal authority, Defendants conspired to violate, and aided and abetted in the violation of, Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

36. By reason thereof, Defendants have violated 42 U.S.C. §1983 and have caused Plaintiff to suffer emotional distress, economic loss, mental anguish and the

loss of his constitutional rights.

## FOURTH CAUSE OF ACTION

37. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 36 of the complaint as if incorporated and reiterated herein.

38. By pursuing a criminal charge where there was no basis for such charge, Defendants engaged in a malicious prosecution of the Plaintiff.

39. By reason thereof, Defendants caused Plaintiff to suffer emotional distress, economic loss, mental anguish and the loss of his constitutional rights.

## FIFTH CAUSE OF ACTION

40. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 39 of the complaint as if incorporated and reiterated herein.

41. By pursuing a criminal charge where there was no basis for such charge, Defendants engaged in the malicious prosecution of the Plaintiff.

42. Such baseless prosecution was the result of a faulty system that permits police officers to arrest people without any reasonable belief that the person's driving privilege has been suspended or revoked.  This position was taken by Defendants despite the fact that Plaintiff name is spelled differently and there existed no connection between Plaintiff and the address that appeared in the records for the motorist whose

6

license or privilege had been suspended or revoked. Further, Defendant Martinez's arrest of Plaintiff was motivated by retaliation for Plaintiff's complaint.

43. By reason thereof, Defendants have caused Plaintiff to suffer emotional distress, economic loss, mental anguish, and the loss of his constitutional rights.

### SIXTH CAUSE OF ACTION

44. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 42 of the complaint as if incorporated and reiterated herein.

45. NYC and the NYPD had a duty to competently and sufficiently train the individual Defendants in the protection of the constitutional rights of Plaintiff under the Fourteenth Amendment of the United States Constitution and Article 1, §§ 11 and 12 of the Constitution of the State of New York.

46. In addition, NYC and the NYPD had the duty to competently and sufficiently train the individual Defendant officers to conform their conduct to a standard, established by law, for the protection of citizens, such as Plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries, both physical and constitutional, to citizens, such as the Plaintiff herein.

47. NYC and the NYPD, its agents, servants and employees, were negligent in failing to afford the individual Defendants the proper and necessary training and supervision, specifically, the necessity of conducting proper and thorough investigation of alleged criminal conduct such that the innocent not be falsely arrested and charged,

such that the conduct of the individual Defendant officers herein would not occur. Instead, NYC and the NYPD, have condoned the arrest of persons without investigation or analysis of evidence.  As a result it has become the pervasive practice and practice of individual police officers and of the NYPD to make arrests regardless of their legality. The individual officers benefit from this practice by obtaining credit towards promotion; the NYPD benefits from this practice by increasing its arrest activity.

48.     By reason thereof, Defendants have violated  42 U.S.C. §1983 and have caused Plaintiff to suffer  emotional distress, economic loss, mental anguish and the loss of his constitutional rights.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)    On the first cause of action, actual and punitive damages in the amount of $500,000;

ii)    On the second cause of action, actual and punitive damages in  the amount of $500,000;

iii)    On the third cause of action, actual and punitive damages in the amount of $500,000;

iv)    On the fourth cause of action, actual and punitive damages in the amount of $500,000;

v)    On the fifth cause of action, actual and punitive damages in the amount of $500,000;

      vi)    On the sixth cause of action, actual and punitive damages in the amount of $500,000;

      vii)    Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

      viii    Such other relief as the Court deems just and proper.

Dated:    New York, New York  
            March 2, 2004

                                      Goldberg & Allen, LLP  
                                      Attorneys for Plaintiff

                        By:    ___/S/_____  
                                      Gerald Allen [GA-0950]  
                                      49 West 37th Street, 7th Floor  
                                      New York, New York 10007  
                                      (212) 766-3366